UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CITY OF SHOREWOOD,   CIV. NO. 11-374 (JRT/JSM)

        Plaintiff,   SUPPLEMENTAL
REPORT AND RECOMMENDATION

v.

RONALD R. JOHNSON,
DEE L. JOHNSON,

        Defendants.

The above matter came on before the undersigned on Plaintiff's Motion for Sanctions [Docket No. 15]. Corrine Heine, Esq. appeared on plaintiff's behalf. Ronald R. Johnson appeared pro se. There was no appearance by or on behalf of defendant Dee L. Johnson. This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.

I.   **BACKGROUND**

This Court issued its Report and Recommendation in connection with the City of Shorewood's Motion to Remand [Docket No. 9] and Motion for Sanctions [Docket No. 15] on January 12, 2012 [Docket No. 42]. This Court recommended awarding the City $1,441.95 in fees and costs. Report and Recommendation, p. 24. The City sought fees and costs for preparing its reply papers and for appearing at the motion hearing, but did not submit an itemized description of the time expended. The Court declined to recommend an award based on undocumented expenses and required the City to file

and serve a supplemental affidavit regarding these expenses. Id. The Court indicated that after receiving the supplemental affidavit, it would issue an amended Report and Recommendation to address the total amount of fees and costs the City should be awarded. Id.

On January 20, 2012, the City submitted a supplemental affidavit, but it was deficient in that it failed to identify timekeepers, failed to describe the services rendered, and appeared to describe services unrelated to work performed on the reply or attendance at the hearing. Supplemental Affidavit of Corrine Heine [Docket No. 43]. The Court required the City to either submit a second supplemental affidavit curing those deficiencies or, if the City failed to do so, the Court would not issue an amended Report and Recommendation. Order, Jan. 24, 2012 [Docket No. 46].

On January 27, 2012 defendants filed a Notice of Objection to the Report and Recommendation and a Notice of Objection to the Court's Order [Docket No. 47, 48]. Defendants did not dispute the dollar amount of the sanctions recommended in the Report and Recommendation, but argued generally that sanctions were inappropriate and should not have been awarded at all. Notice of Objection to the Court's Order, pp. 1-2.

**II. DISCUSSION**

On January 27, 2012 the City filed the Second Supplemental Affidavit of Corrine Heine Regarding Fees [Docket No. 52]. Having considered this affidavit, the Court recommends that the total fees sought by the City in connection with its reply brief and appearance at the motion hearing be reduced from $1,265.92 to $939.92. The Court disallowed the entry of July 20, 2011 (JQS)) ($38.00) ("Verify filings with USDC; update

pleadings index") as administrative.  See Mogck v. Unum Life Ins. Co.of Amer., 289 F. Supp. 2d 1181, 1193 (S. D. Cal. 2003) ("'[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable.'") (quoting New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 835 (10th Cir. 1996)).  For the same reason, the Court reduced the entry of July 26, 2011 by .2 hours (JQS) ("Review scheduling order; update pleadings index for firm calendar; begin drafting pleadings of letters for City's reply memoranda").  The Court disallowed the entry of September 28, 2011 (CAH) ("Review letter from R Johnson") as vague.  The Court disallowed .2 hours for the entry of September 26, 2011(CAH) ("phone call with B. Heck regarding same.") as unrelated to the reply or hearing.  The Court had previously disallowed an entry relating to "B Heck" for the City's failure to identify Heck and describe his or her role in the proceedings.  Report and Recommendation, p. 23, n.11.  The Court also disallowed the entries of January 13 and January 20, 2012 as unrelated to fees and costs relating to the City's reply or attendance at the motion hearing.

Given that defendants have filed their objections to any award of sanctions, the Court does not deem it necessary for them to renew their objections in response to this Supplemental Report and Recommendation.  Nonetheless, the Court has provided notice of the time to object.

### III. **RECOMMENDATION**

For the reasons set forth above, it is recommended that The City's Motion for Sanctions [Docket No. 15] be Granted in Part and Denied in Part as follows:

The City be awarded total fees and costs of $2,381.87.


Dated: January 31, 2012                                 *Janie S. Mayeron*
                                                        JANIE S. MAYERON
                                                        United States Magistrate Judge

### **NOTICE**

Under D. Minn. LR 72.2(b), any party may object to this Supplemental Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 14, 2012**, a writing which specifically identifies those portions of the Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.