UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CITY OF SHOREWOOD, | Civil No. 11-374 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| RONALD R. JOHNSON and DEE L. JOHNSON, | |
| Defendants. | |

Corrine A. Heine and Mary D. Tietjen, **KENNEDY & GRAVEN**, 200 Sixth Street South, Suite 470, Minneapolis, MN 55402, for plaintiff.

Ronald R. Johnson and Dee L. Johnson,, 5355 Shady Hills Circle, Shorewood, MN 55331, *pro se* defendants.

The City of Shorewood ("Shorewood") and the Johnsons have litigated in both state and federal court for more than twenty years about issues surrounding Shorewood's taking of the Johnsons' property. Following a state court order prohibiting Johnson from filing new cases, motions, or correspondence with the Court without an attorney, Johnson removed the case to federal court for the fourth time. The City has moved to remand and asked for sanctions. Before the Court are what it will construe as objections to the Magistrate Judge's Report and Recommendation: a "Notice of Supplemental Removal or Lodgment and Petition for Evidentiary Hearing and to Amend Report and Recommendation," and "Notice of Objection to the Court's Order, [Docket No. 46]." The Court will overrule the Johnsons' objections and adopt the R&R: remand is

appropriate because subject matter jurisdiction is lacking, and sanctions are necessary to deter the Johnsons from further frivolous pursuit of this matter.

## BACKGROUND[1]

The Johnsons' litigation with Shorewood has been the subject of numerous judicial opinions over the last twenty years. The Johnsons have been to the state district court, the Minnesota Court of Appeals, the Minnesota Supreme Court, the United States District Court, the Eighth Circuit Court of Appeals, and have petitioned the United States Supreme Court for review. The factual background of that litigation has been amply described by both the Eighth Circuit and the Minnesota Court of Appeals. *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 813-16 (8th Cir. 2004); *Johnson v. City of Shorewood*, 2008 WL 434680, at *1-5 (Minn. Ct. App. 2008). In brief, the litigation stems from the Johnson's 1991 inverse condemnation action, in which the Minnesota state district court ordered Shorewood to compensate the Johnsons for its taking of their land. *Johnson*, 360 F.3d at 815. After various appeals and the Johnsons' filing of a second state-court action, the Minnesota Court of Appeals affirmed a jury award of $63,000. *Id.*

In 2000, the Johnsons filed a complaint in federal court alleging various constitutional violations, principally that the City had effected regulatory and physical takings of their property and conspired to deprive them of just compensation. *See id.* at 814; *Johnson*, 2008 WL 434680, at *2. The district court dismissed claims against the

---

[1] For a more detailed procedural history as it relates to these motions, see the Report and Recommendation, at 1-11. (January 12, 2012, Docket No. 42.)

United States, granted summary judgment to the other defendants, and declined to exercise supplemental jurisdiction over the remaining state law claims. *Id.* The Eighth Circuit affirmed. *Id.* at 820. The Supreme Court denied the Johnsons' petition for writ of certiorari. *Johnson v. City of Shorewood*, 543 U.S. 810 (2004). In 2004, the Johnsons re-filed their 2000 federal complaint in Hennepin County District Court. *Johnson*, 2008 WL 434680, at *5. The district court granted the City of Shorewood summary judgment on all claims and the Minnesota Court of Appeals affirmed. *Id.* at *16.

On January 2, 2009, Shorewood filed a Final Certificate for the condemnation proceedings as required by Minnesota law. (Aff. of Corrine A. Heine, Ex. C, July 19, 2011, Docket No. 12.) The Certificate was recorded on August 3, 2009. (*Id.*) The state district court later considered and rejected the Johnsons' attempt to strike the Final Certificate. (*Id.*, Ex. D, at 6, 7, 10.) After the Johnsons challenged the court's determination by filing a pleading entitled "Rule 59/60/81 Motion to Strike the City's 2009 Title Filing and For other Relief Going Forward," Shorewood moved under the Minnesota Rule relating to frivolous litigation for an order requiring that all pleadings submitted by the Johnsons be reviewed and signed by an attorney before filing. (*Id.*, Ex. E.) The Johnsons removed the case to federal court, alleging that "this is a quiet 2009 title matter on Johnson's defenses involving federal claims and questions." (Notice of Removal, Civ. No. 09-3009 (ADM/JSM), Oct. 26, 2009, Docket No. 1.) On Shorewood's motion, Judge Ann D. Montgomery remanded the case to state court because removal was untimely. (Order, Civ. No. 09-3009 (ADM/JSM), Feb. 12, 2010, Docket No. 23.) The Eighth Circuit dismissed with prejudice the Johnsons appeal of that

order, which the Johnsons, by letter, then asked the court to reverse *sua sponte*. (Eighth Cir. Ct. Appeals No. 10-1467, Docket entries dated Apr. 1, 2010; Apr. 7, 2010.) The Eighth Circuit later denied what it construed to be the Johnsons' motion for rehearing, as well as their "Motion to Reconsider Based on Want of Due Process and Appellee's Frauds on the Court." (Eighth Cir. Ct. Appeals. No. 10-1467, Docket entries dated Apr. 13, 2010; May 11, 2010.) While their appeal was pending, the Johnsons filed various motions and other papers with the federal district court for the District of Minnesota. (Civ. No. 09-3009 (ADM/JSM), Docket Nos. 28, 33, 38, 44.) Judge Montgomery explained to the Johnsons in an April 13, 2010 letter that their filing of an appeal divested the district court of jurisdiction to consider motions filed thereafter. (Docket No. 66.) Because the Eighth Circuit had since dismissed the appeal and denied their request for reconsideration, the Johnsons' "case in federal court is now concluded." (*Id.*)

In the remanded state proceeding, the state court later granted the City's motion to prohibit Johnson from filing any new cases, motions, or correspondence with the Court unless an attorney licensed to practice law in Minnesota signed the pleadings and a Judge approved. (Heine Aff., Ex. F. at 1, 7.) Eight days after the entry of the state court's order, the Johnsons again removed the state case to federal court. (Notice of Removal, Feb. 15, 2011, Docket No. 1.) The notice of removal states that "the instant federal issue is [that] the City used this Court to perpetuate its cover-ups by bringing its previous motion to remand." (*Id.* at 1.) The Johnsons apparently allege that the City misrepresented to Judge Montgomery that there were unresolved state court issues

requiring adjudication in state court before federal jurisdiction would ripen.  (*Id.* at 2.) This ruse was allegedly designed to deprive the Johnsons of their "1st Amend. Right of access to the state court." (*Id.*)

The relevant procedural history, in short, is this: after approximately two decades of litigation over Shorewood's taking of the Johnsons' property, the Minnesota state court prohibited the Johnsons from filing new cases, motions, or correspondence without an attorney.  Johnson removed the case to federal court for the fourth time.  The City has again moved to remand, and, as in state court, also moved for sanctions to deter the Johnsons' continued litigation of this matter.  (July 19, 2011, Docket Nos. 9, 15.)

## ANALYSIS

The Magistrate Judge concluded that the City's motion to remand was timely, and that remand is appropriate because federal jurisdiction is lacking.  (Report and Recommendation ("R&R"), at 13-17, Jan. 12, 2012, Docket No. 42.)  The Magistrate Judge also found that the Johnsons have abused the judicial system and their status as *pro se* litigants by continuing to litigate matters long since decided by both the state and federal courts.  The Johnsons objected to the Report and Recommendation, and to the Magistrate Judge's Order allowing the City to submit a second supplemental affidavit correcting deficiencies in its proof of expenses.  ("Notice of Objection to Report & Recommendation," Jan. 27, 2012, Docket No. 47; "Notice of Objection to the Court's Order, [Docket No. 46]," Jan. 27, 2012, Docket No. 48; "Notice of Motion and Motion to Conduct a New Evidentiary Hearing and to Amend the Report & Recommendation," Jan.

27, 2012, Docket No. 49.) In these filings, the Johnsons argue that sanctions are inappropriate; they do not dispute the dollar amount of sanctions that the Magistrate Judge has recommended. (Notice of Objection to the Court's Order, at 1-2.)

The Johnsons also filed a "Notice of Supplemental Removal or Lodgment and Petition for Evidentiary Hearing and to Amend Report and Recommendation." (Jan. 27, 2012, Docket No. 50.) In this document, the Johnsons again seek to resurrect their claims against the City for the taking of their land, to wit: "The City, since 1984 at least, has sought to kill the Johnson family's market farm activities . . . ." (*Id.* at 2.) Finally, the Johnsons objected to the Magistrate Judge's Supplemental Report and Recommendation, which amended the fee award recommended in the original R&R in light of Shorewood's supplemental proofs. (Opposition to Supplemental Report & Recommendation, Feb. 16, 2012, Docket No. 55.) Very little in these largely incoherent filings can be reasonably construed as responsive to the R&R's legal conclusions that (1) the remand motion was timely, (2) federal subject matter jurisdiction is lacking, and (3) sanctions are appropriate.

In any event, those conclusions are plainly correct. First, the City's motion to remand was timely. When, as here, the basis of a motion to remand is the lack of subject matter jurisdiction, 28 U.S.C. § 1447(c)'s requirement that the motion be made within thirty days after the filing of a notice of removal does not apply. That the city moved to remand more than thirty days after the notice of removal is therefore irrelevant. Its remand motion was timely.

Second, subject matter jurisdiction is lacking. The parties are not diverse and there is no federal question that arose as a result of the state court order prohibiting

Johnson from making further filings without permission from the court.  As the Johnsons' "Notice of Supplemental Removal or Lodgment and Petition for Evidentiary Hearing and to Amend Report and Recommendation" makes abundantly clear, the Johnsons simply seek to re-litigate issues arising under federal law that have been previously decided by the courts, albeit not to the Johnsons' satisfaction.[2]  For any number of reasons, it is uncontroversial that the Johnsons cannot do so.  The federal courts, for example, must give full faith and credit to state court judgments.  28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  Moreover, under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to exercise appellate jurisdiction over a state court decision.  *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).  The Johnsons' unsupported statement that "[n]either 28 U.S.C. § 1738 nor the *Rooker-Feldman* doctrine appl[ies]," (Docket No. 50, at 5) does not advance their cause.  In sum, because there is no federal subject matter jurisdiction, the Court will grant Shorewood's motion for remand.

Third, sanctions are appropriate.  "There is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).  Federal courts have the inherent power to impose sanctions to regulate their dockets, promote judicial efficiency, and deter frivolous filings.  *See, e.g.*,

---

[2] The Johnsons also attempt to raise new issues of federal law **after** removal.  The Johnsons claim, for example, that Minnesota General Rule of Practice 9 relating to frivolous litigation – pursuant to which the state court barred the Johnsons from further communications absent representation or permission – violates the First Amendment of the United States Constitution. (Docket No. 50 at 4.)  This argument is without merit because jurisdiction cannot be created by asserting new federal claims after removal.  *See, e.g.*, *Foster v. Bank One Tex., NA*, 54 Fed. Appx. 592, at *1 (5th Cir. 2002).

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980).  Restrictions are appropriate where a litigant has "engaged in a pattern of litigation activity which is manifestly abusive." *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989).  A district court may, for example, bar litigants from any additional filings without first obtaining leave from the Court.  *Feathers v. Chevron USA*, 141 F.3d 264, 269 (6th Cir. 1998).

As the Magistrate Judge observed, the Johnsons are entitled to the liberal construction of their pleadings as *pro se* litigants.  The Johnsons, however, "have abused that status by forcing the City to respond to repetitive claims that no appellate court has found meritorious." (R&R at 18.)  They have litigated their claims against the City before every level of the Minnesota state and federal judiciary; the United States Supreme Court denied certiorari.  The Johnsons, in short, have had ample opportunity to challenge the City's actions with respect to their property.  Under the circumstances, the Court finds that any future suits or pleadings filed in this Court are highly likely to be frivolous.  A fee award in the City's favor "is necessary to deter the Johnsons from further frivolous filings and to compensate the City for its costs in responding to the Johnsons' meritless Notice of Removal." (*Id.* at 19.)  Therefore, the Court will grant the City's motion, and prohibit the Johnsons from filing any new lawsuits, pleadings, or other papers in the District of Minnesota relating to their disputes with the City over their property unless (1) they are represented by counsel licensed to practice before this Court, or (2) the Johnsons obtain prior written approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota.

The Magistrate Judge has recommended a fee award ($2,381.87) significantly lower than that requested by Shorewood ($3,512.20) on account of various deficiencies in Shorewood's proofs of expenses. The Johnsons have not objected to the dollar amount of costs and fees recommended by the Magistrate Judge or to the calculations (and deductions in the Johnsons' favor) that stand behind them. The Court will therefore adopt the recommendation of the Magistrate Judge and award Shorewood costs and fees in the amount of $2,381.87.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** Ronald R. Johnson and Dee L. Johnson's objections [Docket No. 48, 49, 50, 55] and **ADOPTS** both the Report and Recommendation of the Magistrate Judge dated January 12, 2012 [Docket No. 42], and the Supplemental Report and Recommendation of the Magistrate Judge dated January 31, 2012 [Docket No. 54]. **IT IS HEREBY ORDERED** that:

1. Plaintiff City of Shorewood's Motion to Remand to State Court [Docket No. 9] is **GRANTED**.

2. Plaintiff City of Shorewood's Motion for Sanctions [Docket No. 15] is **GRANTED in part** and **DENIED in part.** The motion is **granted** as follows:

   a. The Johnsons are prohibited from filing any new lawsuits and any pleadings or other papers in the District of Minnesota concerning their disputes with the City over their property unless (1) they are represented by counsel

licensed to practice before this federal court, or (2) they obtain prior written approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota;

      b.    The City of Shorewood is awarded total fees and costs of $2,381.87.

3.    Defendants Ronald R. Johnson and Dee L. Johnson's "Notice of Motion and Motion to Conduct a New Evidentiary Hearing and to Amend the Report & Recommendation" [Docket No. 49] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 5, 2012  
at Minneapolis, Minnesota.  
                                                  _____s/ John R. Tunheim_____  
                                                    JOHN R. TUNHEIM  
                                                United States District Judge